IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DEVON JACKSON-FELDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.** |
| | ) _____ |
| **ACIMA CREDIT, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Acima Digital, LLC f/k/a Acima Credit, LLC ("Acima"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, hereby gives notice of removal of this action from the Magistrate Court of Henry County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support thereof, Acima respectfully shows unto the Court as follows:

61311439 v2

# INTRODUCTION

1. Plaintiff Devon Jackson-Felder ("Plaintiff") commenced this action by filing a Complaint in the Magistrate Court of Henry County, Georgia, on or about May 20, 2025, assigned the case number 2025-403CC. [*See* Exhibit A – Complaint].

2. In his Complaint, Plaintiff advances allegations regarding purportedly improper credit reporting of information related to a debt, and asserts claims against Acima under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, as well as state-law claims under Georgia's Fair Business Practices Act ("GFBPA"), Ga. Code § 10-1-390, *et seq*. [*Id.*].

3. Although Acima disputes the allegations and claims contained in Plaintiff's Complaint, those claims are nevertheless a proper foundation for federal jurisdiction under 28 U.S.C. § 1331, as they are based upon alleged violations of the FCRA. Moreover, this Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367, as they arise out of the same reporting activity underpinning his FCRA claims. Accordingly, this action could have originally been brought in this Court and is now properly removed to this Court. 28 U.S.C. § 1441(a).

# FEDERAL QUESTION JURISDICTION

4. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiff asserts claims against Acima for alleged violations of the FCRA, a federal consumer-protection statute. [*See* Exhibit A – Complaint; *see also* 15 U.S.C. § 1681, *et seq.*]. Accordingly, Plaintiff's claims in this action arise under the laws of the United States and fall within this Court's original jurisdiction. *See, e.g., Green v. Rushmore Loan Mgmt. Servs., LLC*, No. 1:22-CV-04218-SDG, 2023 WL 5350783, at *2 (N.D. Ga. Aug. 21, 2023) ("Green's Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practice Act (FDCPA) claims in the Second Amended Complaint were properly before the Court per its federal question jurisdiction, and the state law claims in the Second Amended

Complaint, which arose from the same nucleus of operative facts, were properly accorded supplemental jurisdiction under 28 U.S.C. § 1367.").

## SUPPLEMENTAL JURISDICTION

7. The supplemental jurisdiction statute provides, in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

28 U.S.C. § 1367(a). Claims "form part of the same case or controversy" for purposes of 28 U.S.C. § 1367(a) when "the claims asserted 'derive from a common nucleus of operative fact.'" *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (citation omitted).

8. Here, Plaintiff's state-law claims under the GFBPA are based upon the same credit reporting activity that forms the basis of his FCRA claims and, accordingly, all arise out of a common nucleus of operative fact. [*See generally* Exhibit A – Complaint]. Thus, Plaintiff's state-law claims are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c)(1) ("If a civil action includes . . . a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and . . . a claim not

within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, . . . the entire action may be removed . . .").

9. It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## ADOPTION AND RESERVATION OF DEFENSES

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Acima's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Acima specifically reserves the right to demand arbitration pursuant to its contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

## PROCEDURAL REQUIREMENTS

11. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

12. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleading, or order served upon Acima to date in this case.

13. Service of the Summons and Complaint was accomplished upon Acima on May 23, 2025. [*See* Exhibit A – Complaint]. Accordingly, this Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446(b)(2)(B).

14. Acima has not previously sought similar relief.

15. This Notice of Removal is filed in the United States District Court for the Northern District of Georgia, Atlanta Division, the federal district and division embracing the place where this action is pending in state court, as required by 28 U.S.C. § 1441(a).

16. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Acima has filed a copy of the same, along with a Notice of Filing Notice of Removal, with the clerk of the Magistrate Court of Henry County, Georgia. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

17. Acima reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE**, Acima prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Magistrate Court of Henry County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 23rd day of June, 2025.

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com
BURR & FORMAN, LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

Attorney for Defendant
ACIMA DIGITAL, LLC F/K/A ACIMA CREDIT, LLC

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

>*/s/ Rachel R. Friedman*
>Rachel R. Friedman
>Georgia Bar No. 456493
>rfriedman@burr.com

BURR & FORMAN LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following via U.S. First Class Mail, postage prepaid, on this 23rd day of June, 2025:

Devon Jackson-Felder
735 City Park Drive
McDonough, GA 70252-1028

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com