**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DEVON JACKSON-FELDER,

Plaintiff,

v.

ACIMA CREDIT, LLC,

Defendant.

Civil Action No.
1:25-cv-03491-SDG

## OPINION AND ORDER

This case is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Lawrence R. Sommerfeld [ECF 14], which recommends that Defendant Acima Credit, LLC's motion to compel arbitration [ECF 3] be granted and Plaintiff Devon Jackson-Felder's motions to remand [ECFs 5, 7] be denied. Jackson-Felder filed objections to the R&R, and Acima filed a response [ECFs 17, 18]. After careful consideration, Jackson-Felder's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I.   APPLICABLE LEGAL STANDARDS

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

1

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II.    DISCUSSION

The factual and procedural background of this case are fully set out in the R&R.[1] The R&R concludes that: (1) the case was properly removed, as this Court may exercise federal question jurisdiction over Jackson-Felder's Fair Credit Reporting Act (FCRA) claim and supplemental jurisdiction over his related state law claims; and (2) there is a valid arbitration agreement between the parties that

---

[1]    ECF 14, at 2–3.

covers Jackson-Felder's claims here.[2] Therefore, the R&R recommends that Jackson-Felder's remand motions be denied, and Acima's motion to compel arbitration be granted.

Jackson-Felder lodges several objections: (1) the parties' arbitration agreement permitted him to pursue his claims in small claims court; (2) the question of waiver of the right to arbitration cannot be delegated to the arbitrator; (3) Acima did waive its right to arbitration by substantially participating in this litigation; (4) there are genuine disputes as to whether there is a binding arbitration agreement between the parties; (5) his state law claims predominate over his FCRA claim, such that supplemental jurisdiction is not appropriate; (6) removal was improper because Acima mailed filings to an incorrect zip code; (7) the underlying contract's forum selection clause requires remand to state court.[3] Some of the objections simply rehash Jackson-Felder's arguments from the initial motions practice, whereas others were never presented to Judge Sommerfeld in the first instance; overall, many are unsupported by legal authority or factual citation. Nevertheless, undersigned will briefly review the R&R for error. Having found none, Jackson-Felder's objections are overruled.

---

[2]    *See generally id.*

[3]    *See generally* ECF 17.

### A.  Subject Matter Jurisdiction

Undersigned will first consider whether the Court may properly exercise subject matter jurisdiction over this case. This implicates Jackson-Felder's fifth, sixth, and seventh objections.

Undersigned agrees that the Court may exercise supplemental jurisdiction over Jackson-Felder's state law claims. Under 28 U.S.C. § 1367(a), the Court may hear state law claims that "arise out of a common nucleus of operative fact" with the federal law claims. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). However, § 1367 "reflects a dichotomy between a district court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)." *Id.* at 742. Section 1367(c)(2) gives the Court the discretion to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." State law claims substantially predominate "when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Id.* at 744 (citation omitted). Jackson-Felder does not argue that his FCRA claim is "only an appendage" to his state law claims, which are themselves based on the same credit reporting activity underlying his FCRA claim.[4] Nor does he provide support for

---

4  *See generally* Compl., ECF 1-1.

his assertion that the substantial predominance test is quantitative, based on the amount of damages alleged in the complaint. In any case, whether to exercise supplemental jurisdiction is within the district court's discretion, *id.* at 747, and Jackson-Felder has failed to show that doing so here would be an abuse of that discretion.

Nor has Jackson-Felder shown that Acima's use of an incorrect ZIP code to mail him the notice of removal requires remand. Under 28 U.S.C. § 1446(d), "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." The Eleventh Circuit has suggested that "a federal court might be justified in granting a timely motion to remand under 28 U.S.C. § 1447 on the grounds of" a failure to provide notice to the state court under § 1446(d). *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997). But such a failure "is a procedural defect that does not defeat federal jurisdiction." *Id.* Jackson-Felder does not argue in his objections that he never received written notice of removal, and the R&R notes that his motion to remand attached a photo of the envelope

containing the notice.[5] Thus, the question here is whether an incorrect ZIP code on the service envelope of the notice of removal, standing by itself, violates § 1446(d)'s written notice requirement.[6] Jackson-Felder presents no authority for this proposition.

Lastly, the underlying contract's forum selection clause does not preclude this Court's exercise of subject matter jurisdiction. "[F]orum selection clauses raise issues of improper venue, not subject matter jurisdiction." *TWC Acqua Ltd. v. RFIB Grp. Ltd.*, No. 23-12100, 2024 WL 4707262, at *4 (11th Cir. Nov. 7, 2024) (citing *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998)); *see also Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)) ("The Supreme Court has expressly declared that interpretation of a forum selection clause is not a jurisdictional determination, and thus cannot affect a court's subject matter jurisdiction."). Rather, "[a] defendant's right to remove an action against it from state to federal

---

[5]   ECF 14, at 7 (citing ECF 5-1).

[6]   Many courts have held that "[w]here defendants make a good faith effort to give notice, and where plaintiffs suffer no prejudice as a result of the failure of that attempt, we think that the requirements of section 1446(d) are sufficiently fulfilled to effect removal." *Arnold v. CSX Hotels, Inc.*, 212 F. Supp. 2d 634, 637 (S.D.W. Va. 2002) (quoting *L & O P'ship No. 2 v. Aetna Cas. & Sur. Co.*, 761 F. Supp. 549, 552 (N.D. Ill. 1991)), *aff'd*, 112 F. App'x 890 (4th Cir. 2004); *see also, e.g.*, *Leslie v. Bank of Am. Corp.*, No. 119CV04001ELRRGV, 2020 WL 13593894, at *3 (N.D. Ga. Feb. 12, 2020) (same).

court is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress." *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (internal quotation marks and citation omitted). As discussed in the R&R and the following section, there is a valid arbitration agreement between the parties, and that agreement delegates questions of arbitrability to the arbitrator. Accordingly, the Court may exercise subject matter jurisdiction over this case to compel arbitration. The objections are overruled.

### B.    The Arbitration Agreement

Jackson-Felder's remaining objections go to the R&R's conclusion that the parties had a binding arbitration agreement that covers his claims here. As a preliminary matter, there is no genuine dispute that Jackson-Felder signed the underlying contract that contained the arbitration agreement.[7] His objections on this point are a mix of contract formation defenses and arguments regarding contractual interpretation. However, none of these arguments are supported by evidence or authority, nor were they presented to Judge Sommerfeld in the first instance. Accordingly, this objection is overruled.

---

[7]    ECF 14, at 9 (citing ECF 3-1).

Next, undersigned agrees with the R&R's conclusion that the arbitration agreement here covers Jackson-Felder's claims. The agreement provides that it applies to:

> [A]ll "Disputes" involving the parties. This includes all claims even indirectly related to your application and agreements with us. This includes claims related to information you previously gave us. It includes all past agreements. It includes, as may be applicable, any additional periods, extensions, renewals, and plans. It includes claims related to damaged property, buyout, reinstatement, loss, damage, warranty, maintenance, collection, possession, privacy, and customer information. It includes claims related to setting aside this Clause. It includes claims about the Clause's validity and scope. It includes claims about whether to arbitrate.[8]

Because Jackson-Felder's claims are, at a minimum, indirectly related to his payments on the underlying contract, they are covered by the arbitration agreement. The same is true for his arguments that the arbitration agreement does not cover his claims because they were initially brought in small claims court, and that Acima waived its right to arbitration.

It is not true, as Jackson-Felder argues, that the issue of waiver can never be delegated to the arbitrator. *See Lamonaco v. Experian Info. Sols., Inc.*, 141 F.4th 1343, 1349 (11th Cir. 2025) (holding that where the parties "clearly and unmistakably agreed to arbitrate waiver . . . . [t]he District Court was obligated to honor that

---

[8]    ECF 3-1, at 10.

delegation.") (internal quotation marks and alterations omitted); *see also Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) ("[T]he parties may agree to arbitrate gateway questions of arbitrability including the enforceability, scope, applicability, and interpretation of the arbitration agreement."); *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1246 (11th Cir. 2014) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)) ("[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.").

In sum, the parties entered into a valid arbitration agreement, and that agreement delegated to the arbitrator the gateway questions of arbitrability, including "whether to arbitrate." As such, the R&R did not err in recommending that Jackson-Felder's claims be compelled to arbitration.[9] These objections are overruled.

## III.    CONCLUSION

Jackson-Felder's objections to the R&R [ECF 17] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 14] as the Order of this Court. Acima's motion to compel arbitration and stay litigation [ECF 3] is **GRANTED**. Jackson-

---

[9]    In light of this conclusion, it is unnecessary to address the remaining objections specifically. However, undersigned notes that the R&R's conclusions on these points are supported by law and fact.

Felder's motions to remand [ECFs 5, 7] are **DENIED**. This case is hereby **STAYED** pending arbitration.

Jackson-Felder and Acima are **ORDERED** to arbitrate in accordance with their agreement. The parties are further **ORDERED** to file with this Court every 180 days from the date of this Order a report concerning the status of the arbitration proceeding. This status report may be filed jointly or separately by each party. The parties must also notify the Court within 7 days if their dispute resolves through arbitration, settlement, or otherwise.

The Clerk is **DIRECTED** to administratively close this case. This closure is not a dismissal and does not preclude the filing of documents. The case may be re-opened if necessary. The Clerk is further **DIRECTED** to submit this Order to undersigned after 180 days.

**SO ORDERED** this 31st day of March, 2026.

_____
Steven D. Grimberg
United States District Judge